UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br>378 N. Main Avenue<br>Tucson, AZ 85701,<br><br>Plaintiff,<br><br>v.<br><br>RYAN ZINKE, in his official capacity as<br>Secretary of the U.S. Department of the Interior,<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>and<br><br>U.S. FISH AND WILDLIFE SERVICE,<br>1849 C Street, N.W.<br>Washington, DC 20240,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 1:18-cv-862<br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.     Plaintiff Center for Biological Diversity (the Center), an environmental

conservation organization that works to protect native wildlife species and their habitats, brings

this action under the Endangered Species Act, 16 U.S.C. §§ 1531–1544 (ESA), to challenge the

failure of the Secretary of the U.S. Department of the Interior (Secretary) and the U.S. Fish and

Wildlife Service (FWS) to make a mandatory finding on whether to list the Tinian monarch as

"endangered" or "threatened" under the ESA. *Id.* § 1533(b)(3)(B).

2.     The Tinian monarch (*Monarcha takatsukasae*) is a small forest flycatcher native

to Tinian Island, a small island in the western Pacific Ocean. The species is in imminent danger

of extinction due to the loss and degradation of its highly restricted range on Tinian Island,

predation and competition from invasive species, avian poxvirus, and the effects of climate change. Due to these threats, on December 11, 2013 Plaintiff submitted a Petition to List the Tinian Monarch as Threatened or Endangered Under the Endangered Species Act (Petition). On September 18, 2015, Defendants found that the Petition provided substantial information that listing the Tinian monarch "may be warranted." *Id.* § 1533(b)(3)(A); *see also* 80 Fed. Reg. 56,423, 56,430 (Sept. 18, 2015).

3.      Having found that listing the Tinian monarch may be warranted, Defendants were statutorily required to make, by December 11, 2014, a final determination as to whether the Tinian monarch warrants listing as endangered or threatened. 16 U.S.C. § 1533(b)(3)(B). However, Defendants did not make the required "listing determination" by the deadline, and to date have not done so. Consequently, Defendants are in violation of the ESA.

4.      Compliance with the ESA is necessary to ensure the survival and recovery of the Tinian monarch. Hence, to remedy Defendants' violation of the ESA, Plaintiff requests an order declaring that Defendants are in violation of the ESA's mandatory deadlines and ordering Defendants to publish the overdue finding on the Center's Petition to list the Tinian monarch by a date certain. *Id.* § 1540(g)(1).

<u>JURISDICTION AND VENUE</u>

5.      The Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(c) and (g)(1)(C) (action arising under ESA citizen suit provision), 5 U.S.C. § 702 (review of agency action under the Administrative Procedure Act (APA)), and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      The Court may grant the relief requested under the ESA, 16 U.S.C. § 1540(g); the APA, 5 U.S.C. §§ 701–706; and 28 U.S.C. §§ 2201 and 2202 (declaratory and injunctive relief).

7.      Plaintiff provided sixty (60) days' notice of its intent to file this suit pursuant to

the citizen suit provision of the ESA, 16 U.S.C. § 1540(g)(2)(C), by letter to Defendants dated

January 25, 2018. Defendants responded by letter dated March 9, 2018, acknowledging receipt

of the notice letter, but did not take action to remedy their continuing ESA violation by the date

of this complaint's filing. Therefore, an actual controversy exists between the parties under 28

U.S.C. § 2201.

8.      The federal government has waived sovereign immunity in this action pursuant to

16 U.S.C. § 1540(g) and 5 U.S.C. § 702.

9.      Venue is proper in the United States District Court for the District of Columbia

pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e), because at least one of the

Defendants resides in that district.

<u>PARTIES</u>

10.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a nonprofit organization

incorporated in California and headquartered in Tucson, Arizona, with field offices throughout

the United States and Mexico, including Arizona; California; Colorado; Florida; Hawaii; Idaho;

Minnesota; Nevada; New Mexico; Oregon; Washington; Washington, D.C.; and La Paz, Baja

California Sur, Mexico. The Center works through science, law, and creative media to secure a

future for all species, great or small, hovering on the brink of extinction. The Center has more

than 63,000 members. The Center and its members are concerned with the conservation of

imperiled species, including the Tinian monarch, and with the effective implementation of the

ESA. The Center submitted its Petition in order to protect its own and its members' interests in

the Tinian monarch.

11.     Plaintiff's members include individuals with professional, aesthetic, spiritual, and recreational interests in the Tinian monarch and its habitat. These members have studied, viewed, and listened to the song of the Tinian monarch in its habitat for over two decades, and have concrete plans to do so again.

12.     Defendants' failure to comply with the ESA's nondiscretionary deadline for a listing determination for the Tinian monarch prevents the completion of the listing process and deprives the Tinian monarch of statutory protections that are vitally necessary to the species' survival and recovery. Until the Tinian monarch is protected under the ESA, Plaintiff's interests and the interests of its individual members in the Tinian monarch are impaired. Therefore, Plaintiff's members are injured by Defendants' failure to make a timely finding as to whether to list the Tinian monarch, as the agency's delay prevents the application of the ESA's substantive protections to the species. These injuries are actual, concrete injuries presently suffered by Plaintiff's members, are directly caused by Defendants' inaction, and will continue to occur unless this Court grants relief. The relief sought herein—an order compelling a listing determination for the Tinian monarch—would redress these injuries. Plaintiff and its members have no adequate remedy at law.

13.     Defendant RYAN ZINKE is the Secretary of the United States Department of the Interior and is the federal official in whom the ESA vests final responsibility for making decisions and promulgating regulations required by and in accordance with the ESA, including listing determinations. Secretary Zinke is sued in his official capacity.

14.     Defendant UNITED STATES FISH AND WILDLIFE SERVICE is the agency within the Department of the Interior that is charged with implementing the ESA for the Tinian monarch, including through prompt compliance with the ESA's mandatory listing deadlines.

## STATUTORY FRAMEWORK

15.     The ESA is a comprehensive federal statute declaring that endangered and threatened species are of "esthetic, ecological, educational, historical, recreational, and scientific value to the Nation and its people." 16 U.S.C. § 1531(a)(3). The purpose of the ESA is to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species." *Id*. § 1531(b).

16.     To this end, ESA section 4 requires that the Secretary protect imperiled species by listing them as either "endangered" or "threatened." *Id*. § 1533(a)(1). The Secretary has delegated its administration of the ESA to FWS. 50 C.F.R. § 402.01(b).

17.     The ESA's conservation measures apply only once FWS lists a species as threatened or endangered. For example, section 7 of the ESA requires all federal agencies to ensure that their actions do not "jeopardize the continued existence" of any listed species or "result in the destruction or adverse modification" of a species' "critical habitat." 16 U.S.C. § 1536(a)(2). Section 9 of the ESA prohibits, among other things, "any person" from intentionally taking listed species, or incidentally taking listed species, without a lawful authorization from FWS. *Id.* §§ 1538(a)(1)(B) and 1539. Other provisions require FWS to designate "critical habitat" for listed species, *id.* § 1533(a)(3); require FWS to "develop and implement" recovery plans for listed species, *id.* § 1533(f); authorize FWS to acquire land for the protection of listed species, *id.* § 1534; and authorize FWS to make federal funds available to states to assist in its efforts to preserve and protect threatened and endangered species, *id.* § 1535(d).

18.     To ensure the timely protection of species at risk of extinction, Congress set forth a detailed process whereby citizens may petition FWS to list a species as endangered or

threatened. The process includes mandatory, nondiscretionary deadlines that FWS must meet so that species in need of protection receive the ESA's substantive protections in a timely fashion. The three required findings, described below, are the 90-day finding, the 12-month listing determination (also known as a "12-month finding"), and for species that FWS determines warrant protection, the final listing determination.

19.     Upon receipt of a listing petition, FWS must "to the maximum extent practicable, within 90 days" make an initial finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). If FWS finds that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected and the process ends.

20.     If, on the other hand, as in this case, FWS determines that a petition does present substantial information indicating that listing may be warranted, then the agency must publish that finding and proceed to conduct a full scientific review of the species' status. *Id.* This is called a "status review."

21.     Upon completion of this status review, and within twelve (12) months from the date that it receives the petition, FWS must make a listing determination, or 12-month finding, with one of three determinations: (1) listing is "not warranted"; (2) listing is "warranted"; or (3) listing is "warranted but precluded" by other pending proposals for listing species, provided certain circumstances are present. *Id.* § 1533(b)(3)(B).

22.     If FWS's 12-month finding concludes that listing is warranted, the agency must publish notice of the proposed regulation to list the species as endangered or threatened in the Federal Register for public comment. *Id.* § 1533(b)(3)(B)(ii). Within one year of publication of

the proposed regulation, the ESA requires FWS to render its final determination on the proposal. *Id.* § 1533(b)(6).

FACTUAL BACKGROUND

23.     The Tinian monarch, pictured below, is a small forest bird native to Tinian Island, an island in the Commonwealth of the Northern Mariana Islands in the western Pacific Ocean, east of the Philippines and south of Japan.



24.     An insectivorous flycatcher at home in Tinian's limestone forests, the Tinian monarch was originally protected as an endangered species in 1970 due to habitat loss resulting from agriculture and military activities prior to and during the Second World War. 35 Fed. Reg. 8,491 (June 2, 1970). The species was reclassified as "threatened" in 1987. 52 Fed. Reg. 10,890 (Apr. 6, 1987). In 2004, FWS declared the species fully recovered and delisted the Tinian monarch. 69 Fed. Reg. 56,367 (Sept. 21, 2004).

25.     Unfortunately, the Tinian monarch experienced a steep, rangewide decline of thirty-nine (39) percent from 1996–2008 and, as a result, is once again threatened with extinction. Currently, it is classified as "threatened" by the International Union for Conservation of Nature, which is a global authority on the status of the natural world and the measures needed to safeguard it.

26.     The Tinian monarch is vulnerable to extinction due to its highly restricted range. Before the Tinian monarch was delisted from the ESA, the Commonwealth of the Northern Mariana Islands and the U.S. Navy set aside an area to provide high-quality forest habitat to ensure the species' persistence. However, even this restricted area is under threat.

27.     The Tinian monarch's threats include an increase in U.S. military activities on Tinian Island; the expansion of activities at the Tinian International Airport and alterations to the Federal Aviation Administration Mitigation Area; the clearing of forests for agriculture; human population growth and development; fire; and reduced nesting habitat. The Tinian monarch has declined in areas on Tinian Island where housing, roads, and services have expanded, and it is expected that the downward trend will continue with increasing development.

28.     Additionally, the Tinian monarch is threatened by predation from and competition by introduced rodents on Tinian Island. Estimates of rat densities on Tinian Island are among the highest ever recorded among tropical Pacific islands. The threat of invasion by the predaceous brown tree snake is also very high. Tinian monarch population declines of thirty (30) to forty-nine (49) percent are projected in the likely event of the brown tree snake becoming established on Tinian. The Tinian monarch is also threatened by predation from feral and domestic cats.

29.     The avian poxvirus threatens the Tinian monarch as well. Thirty-nine (39) percent of Tinian monarchs mist-netted in 2006 and eleven (11) percent of Tinian monarchs mist-netted

in 2007 displayed cutaneous lesions. Cutaneous lesions resulting from pox viruses interfere with normal behavior and can lead to weakness, emaciation, and difficulty seeing, breathing, feeding and perching.

30.     The effects of climate change, including rising sea levels, increased storm events, and increased risk from stochastic weather events such as fires and droughts also threaten the Tinian monarch.

31.     No regulatory mechanisms currently provide adequate protection for the Tinian monarch. It was delisted under the ESA in 2004, and was removed from the Commonwealth of the Northern Mariana Islands' list of threatened and endangered species in 2009. A monitoring plan tracked the status of the Tinian Monarch following the species' delisting, but the plan expired in 2010.

32.     Due to these threats, the Center submitted its Petition requesting FWS to list the Tinian monarch as a threatened or endangered species under the ESA on December 11, 2013. *See* Petition to List the Tinian Monarch (*Monarcha takatsukasae*) as Threatened or Endangered Under the Endangered Species Act (Dec. 11, 2013), *available at* http://www.biologicaldiversity.org/species/birds/Tinian_monarch/pdfs/Tinian_Monarch_Petition .pdf.

33.     In response to the Center's Petition, on September 18, 2015 Defendants published a 90-day finding in the Federal Register pursuant to section 4(b)(3)(A) of the ESA, 16 U.S.C. § 1533(b)(3)(A), which found that listing the Tinian monarch "may be warranted," and initiated a status review for the species. 80 Fed. Reg. 56,423, 56,430.

34.     Accordingly, Defendants were required to make a 12-month finding as to whether listing the Tinian monarch as endangered or threatened was warranted by December 11, 2014, 16 U.S.C. § 1533(b)(3)(B), but to date, have failed to do so.

CLAIM FOR RELIEF

Violation of the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(B)
Failure to Make a 12-Month Listing Determination for the Tinian Monarch

35.     Plaintiff re-alleges and incorporates all preceding paragraphs.

36.     The ESA required Defendants to make a 12-month finding within twelve months of their receipt of the Petition to list the Tinian monarch as an endangered or threatened species under the ESA. 16 U.S.C. §1533(b)(3)(B). Defendants are in violation of that express statutory command.

37.     Plaintiff and its members are injured by FWS's failure to issue the required 12-month finding, violating Congress's mandate in the ESA that FWS issue that decision by an express deadline of twelve months.

38.     The APA states that a reviewing court "shall" interpret statutes and "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

39.     Defendants' failure to make a 12-month finding on Plaintiff's Petition is a violation of the ESA and its implementing regulations, 16 U.S.C. § 1533(b)(3)(B), and constitutes agency action that has been "unlawfully withheld or unreasonably delayed," within the meaning of the APA. 5 U.S.C. § 706(1).

REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court enter Judgment for Plaintiff providing the following relief:

A.      Declare that Defendants have violated the ESA and/or the APA by failing to issue a timely 12-month finding on Plaintiff's Petition to List the Tinian Monarch as Threatened or Endangered Under the Endangered Species Act;

B.      Order the Defendants to issue, by a date certain, a 12-month finding on Plaintiff's Petition to List the Tinian Monarch as Threatened or Endangered Under the Endangered Species Act, 16 U.S.C. § 1533(b)(3)(B);

C.      Grant Plaintiff its reasonable attorneys' fees and costs as provided by the ESA, 16 U.S.C. § 1540(g)(4), and/or the Equal Access to Justice Act, 28 U.S.C. § 2412; and

D.      Provide such other relief as the Court deems just and proper.


Dated this 12th day of April, 2018                    Respectfully submitted,

                                                      */s/ Ryan Adair Shannon*

                                                      Ryan Adair Shannon
                                                      (D.C. Bar No. OR 00007)
                                                      Center for Biological Diversity
                                                      P.O. Box 11374
                                                      Portland, OR 97211-0374
                                                      (503) 283-5474 ext. 407
                                                      rshannon@biologicaldiversity.org

                                                      */s/ Amy R. Atwood*
                                                      Amy R. Atwood
                                                      (D.C. Bar No. 470258)
                                                      Center for Biological Diversity
                                                      P.O. Box 11374
                                                      Portland, OR 97211-0374
                                                      (971) 717-6401
                                                      atwood@biologicaldiversity.org

                                                      *Attorneys for Plaintiff*